LILLIAN A. BRILL, Appellant, *v.* AMERICAN SURETY COM-
PANY, Respondent.

(Argued June 13, 1932; decided July 19, 1932.)

*Edward H. Wilson* and *John J. Kean* for appellant. The defendant is liable on the undertaking. (*Grafton* v. *U. S. Fidelity & Guarantee Co.*, 227 N. Y. 162; *St. Johns College* v. *Ætna Indemnity Co.*, 201 N. Y. 335; *Ulster County Savings Inst.* v. *Young*, 161 N. Y. 23; *Hill* v. *American Surety Co.*, 200 U. S. 197; *Gillmore* v. *Equitable Surety Co.*, 228 App. Div. 188; *Sachs* v. *American Surety Co.*, 72 App. Div. 60; 177 N. Y. 557; *McElroy* v. *Mumford*, 128 N. Y. 303; *Goodwin* v. *Bunzl*, 102 N. Y. 224; *Haskell* v. *Fidelity & Casualty Co.*, 118 Misc. Rep. 410; 205 App. Div. 858; *Batto* v. *Westmoreland Realty Co.*, 231 App. Div. 103; *United Surety Co.* v. *Meenan*, 211 N. Y. 39.)

*Benjamin Wiener, Herman Goldman, Elkan Turk* and *George L. Naught* for respondent. The bond must be strictly construed and the intent of the obligations of the defendant must be gathered from the language used in the bond. (*Dugand* v. *Indemnity Ins. Co.*, 203 N. Y. Supp. 541; 210 App. Div. 853; *American Exchange* v. *Goubert*, 210 N. Y. 421; *Josephi* v. *Creston Co.*, 188 App. Div. 97; 230 N. Y. 549; *Mossein* v. *Empire State*, 117 App. Div. 820; *Chicago Crayon Co.* v. *Slattery*, 68 Misc. Rep. 148; *Markoe* v. *American Surety Co.*, 44 App. Div. 285; 167 N. Y. 602.) The plaintiff is barred from maintaining the action for the reason that the Appellate Division and the Court of Appeals have not awarded any judgments for the increase in the city chamberlain's fees and additional interest. (*Lorillard* v. *Clyde*, 122 N. Y. 41; *Royal Line Fish Co.* v. *Central Fish Co.*, 159 App. Div. 151; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449.)

KELLOGG, J. Redondo Steamship Company brought an action against Kerr Steamship Company, Inc., Benjamin Harris, Irving Trust Company and others, to have determined the title to a fund of $41,267.18 deposited in the Irving Trust Company. The trust company procured an order to pay the money into court, and,

pursuant to the order, paid the sum to the Chamberlain of the city of New York. The Special Term held that the plaintiff was entitled to the fund and that the Chamberlain should pay it over, less his legal fees. The defendants Kerr Company and Harris appealed to the Appellate Division and applied to that court for a stay pending the appeal. On the argument counsel made the objection to a stay that the plaintiff would lose the difference in interest between three per cent, payable by the city, and the legal six per cent rate; also that a law doubling the commissions of the Chamberlain would take effect on September first following and thus a stay would increase the charges against the fund. The stay was granted on condition that the defendants file an undertaking to secure, among other things, " the payment by the appellants of any further sum awarded upon the appeal against these appellants by way of interest on any part of the judgment as well as any further sums awarded against these appellants by virtue of any increase in the rate of charge made pursuant to law by the Chamberlain of the City of New York." Thereupon an undertaking of the defendant surety company was filed whereby that company undertook that the defendants in the action would pay " any further sums not exceeding five hundred dollars which may be awarded against the appellants on said appeal by way of charges or fees of the said Chamberlain in excess of the charges which would have been legal under the rates for his charges in force on the date of said judgment " and " any further sums not exceeding $1,500 which may be awarded against appellants on said appeal by way of additional interest on any part of said judgment." The judgment was affirmed on appeal. Thereafter this action was brought on the bond by the assignee of Redondo Steamship Company to recover the interest lost, and the additional charges paid to the Chamberlain in consequence of the delay occasioned

by the appeal. The claim is opposed on the ground that no sums of money were " awarded " on the appeal to cover interest lost or additional charges paid. So to read the undertaking is to deprive its words of any effect whatever, since, of course, the Appellate Division could not, upon the appeal, modify the judgment to include sums for interest lost and extra charges paid. Viewed in the light of the circumstances under which the undertaking was given, it seems entirely clear that it was an undertaking to indemnify the plaintiff in the action against a loss, in respect to the two items named, which the delay, occasioned by the stay, might actually cause.

The judgments should be reversed and judgment granted as demanded in the complaint, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.